IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL A. DICKSON, | § | |
| | § | |
| Defendant Below, | § | No. 664, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 1005001870 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 13, 2015
Decided: March 11, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

**O R D E R**

This 11th day of March 2015, upon consideration of the appellant Daniel A. Dickson's opening brief, the appellee's motion to affirm,[1] and the record below, it appears to the Court that:

(1) Dickson filed this appeal from the Superior Court's October 29, 2014 order summarily dismissing his first motion for postconviction relief. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it

---

[1] Dickson's motion for leave to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

is manifest on the face of Dickson's opening brief that the appeal is without merit.[2] We agree and affirm.

(2)     The record reflects that, in March 2011, a Superior Court jury found Dickson guilty of two counts of Robbery in the First Degree, two counts of Possession of a Firearm During Commission of a Felony ("PFDCF"), Burglary in the Third Degree, Wearing a Disguise During the Commission of a Felony, Conspiracy in the Second Degree, and Reckless Endangering in the Second Degree. Dickson was sentenced to a total period of sixty-eight years Level V incarceration, suspended after twelve years for decreasing levels of supervision. We affirmed the Superior Court's judgment on November 22, 2011.[3]

(3)     On October 8, 2014, Dickson filed his first motion for postconviction relief. Dickson argued that: (i) the Superior Court erred in permitting amendment of the indictment at the close of the State's case; (ii) the committing magistrate judge erred in authorizing his arrest for crimes committed while he was outside of Delaware; (iii) his counsel and the State failed to disclose that one of the arresting police officers was arrested for prescription drug offenses and was connected with the robbery victims (who were involved in prescription drug dealing); and (iv) his counsel was ineffective because he failed to subpoena, confront, or cross-examine

---

[2] Supr. Ct. R. 25(a).

[3] *Dickson v. State*, 2011 WL 5868352 (Del. Nov. 22, 2011).

the police officer. Dickson stated that he did not discover the information relating to the police officer until November 2013. In addition to the motion for postconviction relief, Dickson filed a motion for an evidentiary hearing and a motion for appointment of counsel.

(4)    The Superior Court summarily dismissed Dickson's motion for postconviction relief as time-barred under Superior Court Criminal Rule 61(i)(1). The Superior Court denied Dickson's motion for an evidentiary hearing and motion for appointment of counsel as moot. This appeal followed.

(5)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4] The procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") must be considered before any substantive issues are addressed.[5] In his opening brief, Dickson argues that: (i) the Superior Court erred in dismissing his motion for postconviction relief because his counsel and the State conspired to withhold exculpatory evidence of the investigation and arrest of one of the arresting police officers for drug offenses; (ii) the prosecutor violated American Bar Association trial standards by withholding this exculpatory evidence and conspiring with Dickson's counsel to conceal the evidence; and (iii) his counsel was ineffective because he failed to disclose,

---

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

interview, confront, or cross-examine the police officer. Dickson does not argue the merits of the other claims he raised in the Superior Court (amendment of the indictment, errors by the committing magistrate judge, entitlement to an evidentiary hearing, and entitlement to appointment of counsel) and therefore those claims are waived.[6]

(6) As the Superior Court recognized, Dickson's motion for postconviction relief was untimely under Rule 61(i)(1) because it was filed more than one year after his conviction became final in 2011.[7] To overcome this procedural bar, Dickson argues that he filed his motion within one year of discovering exculpatory evidence of the investigation and arrest of one of the arresting police officers for prescription drug offenses. The police officer at issue found cash with the victims' identification in Dickson's pockets after he was arrested and a gun on the roof of the house where the robbery occurred. This police officer did not testify at Dickson's trial.

(7) Based on these arguments, it appears that Dickson seeks to invoke Rule 61(i)(5) and Rule 61(d)(2)(i). Under Rule 61(i)(5), the time bar of Rule 61(i)(1) does not apply to a claim that the Superior Court lacked jurisdiction or to a

---

[6] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[7] Super. Ct. Crim. Rule 61(i)(1) (2014) (barring postconviction motion filed more than one year after conviction is final or, if it asserts retroactively applicable right that is newly recognized after conviction, more than one year after right is first recognized by this Court or United States Supreme Court).

4

claim that that satisfies the pleading requirements of Rule 61(d)(2)(i) or Rule 61(d)(2)(ii).[8] A claim satisfies these pleading requirements, if it:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[9]

(8) Dickson's contentions regarding the investigation and arrest of one of the police officers who arrested him do not create a strong inference that Dickson is actually innocent of the acts underlying his convictions. The trial record reflects that multiple police officers responded to a call reporting a home invasion. The victims testified that two masked men in black hooded sweatshirts broke into the home, pointed guns at them, demanded money, and struck them each several times in the head with guns. The robbers took over $900 in cash and ran out of the back door of the house.

(9) The victims ran out the front door where they encountered arriving police officers. One of the arriving police officers testified that Dickson and another man fled to the back of the house as the police approached and that he

---

[8] Super. Ct. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[9] Super. Ct. R. 61(d)(2).

5

found a loaded gun lying next to Dickson's leg when he handcuffed Dickson. The victims saw the police with the two intruders in their custody. One victim recognized Dickson as someone he knew. Given this record, the investigation and arrest of one of the police officers involved in Dickson's arrest do not create a strong inference that Dickson is actually innocent of the acts underlying his convictions for Robbery in the First Degree, PFDCF, Burglary in the Third Degree, Disguise, Conspiracy in the Second Degree, and Reckless Endangering in the Second Degree. Thus, the Superior Court did not err in dismissing Dickson's motion for postconviction relief as time-barred. Nor did the Superior Court err in denying Dickson's motion for an evidentiary hearing and motion for appointment of counsel.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

6